**JUSTICE LIFE INSURANCE COMPANY,**
Appellant,

v.

**Darby ORGAIN, d/b/a Orgain Publishing Company, Appellee.**

No. 15671.

Court of Civil Appeals of Texas.

Dallas.

July 29, 1960.

Rehearing Denied Sept. 30, 1960.

Allison & Ford, Dallas, for appellant.

O. M. Stubblefield, Dallas, for appellee.

YOUNG, Justice.

The suit of appellee, doing business as Orgain Publishing Company, was upon sworn account, marked Exhibit A, aggregating $2,439.82 alleged to be due and owing for supplies printed and furnished to the Insurance Company, to which de-fendant filed a sworn detailed answer; plaintiff praying further for attorney's fees of "at least $600.00". Upon a jury trial and answers to special issues, judgment was rendered against defendant for $2,364.-82 (printing bill) and $750 attorney's fees; or a total recovery of $3,114.82 with legal interest; followed by this appeal.

The first of appellant's 25 points of error complains of court error in refusing to permit filing of a second trial amendment to paragraph six of its second amended original answer; consisting of an addition thereto by the words "even if said supplies mentioned in Exhibit A of plaintiff's original petition had been printed up in a good and workmanlike manner." Said point necessitates a summarizing of defendant's trial answer and the issues there raised. It is alleged that the items of Exhibit A were to be furnished with the understanding that reasonable, usual and customary prices would be charged therefor; that to the contrary such prices were excessive, the supplies being printed in a poor and unworkmanlike manner, to extent that "at least 50% of same were worthless and of no value whatsoever to the defendant"; the consideration therefor having wholly or partially failed. In succeeding paragraphs, defendant reiterates that if reasonable and customary prices had been charged for the printing and had it been done in a good and workmanlike manner, the amount demanded should not have exceeded the sum of $1,000 instead of the $2,439.82 sued for; claiming fraud in connection with such excessive, outrageous and unreasonable charges; that defendant would readily have paid the sum of $1,000 for the supplies in question had plaintiff been willing to accept the same. In paragraph six, defendant listed items of plaintiff's Exhibit A, alleging that the charges therefor should have been only $1,455.45; and it is in this connection that defendant was refused a second trial amendment by insertion of the words "even if said supplies * * * had been printed up in a good and workmanlike manner." The point

under discussion is overruled; the ruling being a matter well within the trial court's discretion. See notes under Rule 66, Vernon's Ann.Rules of Civil Procedure. The issue of poor workmanship on part of plaintiff had already been alleged and from our reading of the statement of facts, defendant was in nowise precluded or disabled from attack upon all items in dispute. (Other allegations of defendant's trial answer related to particular items or charges that were either defective, unauthorized, unjust or not delivered.)

■ Appellant's next point of error involves the court's award of $750 as attorney's fee under Art. 2226, Vernon's Ann.Civ.St. because not supported by pleading or evidence; that in both petition and trial amendment, plaintiff had prayed only for "at least $600.00 attorney's fee"; nor was the claim presented in 30 days before filing of suit. As already seen, appellee had also plead for a reasonable attorney's fee, and in support of the jury finding was the testimony of a disinterested attorney, not controverted; and so far as the 30 days provision of Art. 2226 is concerned, it appears undisputed in the record that demand for payment of plaintiff's alleged printing bill was made long before filing of suit.[1] Appellant's point is overruled under cases from which we quote: "Appellee's allegation was to the effect that his future medical expenses would *amount to at least $4,000*. Appellants did not except to the allegations as not pleading an exact amount, nor did they object to the evidence which was sufficient to justify the amount found by the jury. The total sum prayed for in appellee's petition was more than the total sum found by the jury. *The allegation that future medical expenses would amount to not less than $4,000 was stating a minimum amount and not a maximum*

*amount*. The appellee not having plead any specific amount on this item of recovery, the jury was authorized to find such amount as the evidence would warrant. Humble Oil & Refining Co. v. State, Tex.Civ.App., 162 S.W.2d 119, 137, error refused." Butane Wholesale Company, Inc. et al. v. Buehring, Tex.Civ.App., 325 S.W.2d 173, at page 176. (Emphasis ours.) "Under statutory provision that a person having certain types of claims against another may present claim to such other and that if, at expiration of 30 days thereafter, claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof, he may also recover a reasonable amount as attorney's fees, attorney's fees may be recovered if a claim is not paid *within 30 days of presentation, regardless of when suit is filed*. Vernon's Ann.St.Art. 2226." Gateley v. Humphrey et ux., 151 Tex. 588, 254 S.W.2d 98, at p. 99, (Syl. 2). (Emphasis ours.)

■ In the court's charge the form of issue to which the jury answered $2,364.- 82 reads as follows:

"What do you find from a preponderance of the evidence is the reasonable value of the services, printing and merchandise performed for and delivered to the defendant, Justice Life Insurance Company by the plaintiff herein?" Appellant's sole objection to the issue given was "that it amounts to the submission of a general charge to the jury." An *instruction* in the nature of a general charge is one "on the law applicable to the case generally, and in a manner not necessary to a determination of the issue submitted to the jury." Lamb v. Collins, Tex.Civ.App., 93 S.W.2d 490, 491. There was no instruction given in connection with the quoted issue; so obviously the submission was not subject to the objection made. It has also been held

1. On page 258, Statement of Facts, Mr. Thomas, President of defendant company testified as follows:
"Q. When did you first deny any of this claim? A. I denied the $2400 when he presented it about in August or September 1956. Q. How did you deny it? A. Told him that it was excessive, that the material wasn't up-to-date; we just felt like it was one of these padded bills and we just couldn't use his material."

that the quoted objection was an insufficient compliance with Rule 274, T.C.P. See Frozen Foods Express et al. v. Odom, Tex.Civ.App., 229 S.W.2d 92.

■■ It will be noted that no "if any" clause was appended to the court's form of issue to "answer in dollars and cents;" and in a series of points, appellant asserts that the issue as given was a comment on weight of the evidence; that is to say the court assumed the fact of indebtedness, and asking only of the jury a determination of the amount. Manifestly the issue should have been so qualified, for defendant's admission of reasonable value of the printing bill was conditioned on good workmanship, which Mr. Thomas, defendant's president denied, with result that the material ordered was allegedly worthless. But no objection was ever made by appellant that the form of issue was on weight of the evidence; and in consequence the point must be overruled.

■■ Points three through eighteen relate to certain voluntary statements made by plaintiff that were extraneous to questions and answers sought to be elicited from him, the witness; which, regardless of court rulings were assertedly so prejudicial and inflammatory as to deprive defendant of a fair and impartial trial. Examples of such statements are here shown:[2] Following plaintiff's testimony detailed in point eleven below, counsel for defendant moved for a mistrial; arguing that "the statement made by the plaintiff testifying as a witness in his own behalf upon cross-examination, and not in response to any question by the defendant's attorney on cross-examination, is certainly calculated to prejudice and inflame the minds of the jury against the defendant in this lawsuit and I don't think that any instruction by the Court can remove from the minds of the jury the harmful effect of the statement made." Judge Bush having already instructed the jury to disregard the voluntary statements in question, then overruled defendant's motion for mistrial; declaring in such connection "Now, I am very seriously considering this motion. The Court has heretofore ruled on these voluntary statements this witness has been making. Now, I think if there is another incident like this where this witness volunteers some statement that is challenged by the other side as prejudicial, you understand I say that is challenged by

2. Questions to plaintiff: (Point 3) "Q. * * * Now, let me ask you this; when would you bill him for this work; at the first of each month? A. No sir. Whenever a job was completed I would send the invoice, and it was our agreed understanding in the course of my limited capital, — I only came to Dallas with $15.45, and Doctor Calabria had always been wonderful in paying like that and that is the way the other customers paid me, because they know I have very small capital with very good equipment and personnel, they would pay me each week following the invoice." (Point 10) "Q. what does job 5420 consist of? A. It consists of the composition and retro proofs and brown line proofs we made from copy they instructed us to set up so they could send it to Austin for approval. I waited for months and months trying to find out when to go ahead with it, and when they could get approval, and they kept putting me off and stalling me off, and I had already paid the com-

position cost and the proof cost and for making the brown lines for this and this and several others, and I found out from a third party who was associated * * ". (Point 11) "Q. Now, tell us what it was on exhibit twenty two that you farmed out? A. There is not a print shop in the entire United States that is equipped to every type of printing job, even including the printing shop of the United States Government, I needed this to be done on a press larger than the one we had, so I had furnished everything ready to go to press and subcontracted to another printer putting the ink on the paper on his big press. That is a custom in the printing trade known 'trade work.' There are some printing companies in town that do nothing but print for printers, and do it at wholesale, and make a reasonable mark up off of that. We did everything else on our own printing press, which is the printing press I have lost because you haven't paid the bill."

the other side as prejudicial, the Court will most likely grant a mistrial in this case because of the accumulative effect of these statements, these voluntary statements this witness has been making. Now, Mr. Stubblefield, you take your witness outside and talk to him a little bit because I am going to grant a mistrial if this continues. Mr. Stubblefield: Thank you. The Court: You better give your witness instructions on it, because if you get a judgment here it is already tinctured with this question. You confer with him and see whether or not you think you aught to go ahead with the trial in the state of this record, or whether I should grant this motion and discontinue this case. I wish you would confer with him before we continue. Mr. Stubblefield: Thank you. You come with me. A. Yes sir."

In certain of above instances presented of voluntary statements, no rulings were sought; (Points Three, Four and Five) and in general all objections made thereto were promptly sustained. The matters involved were not at all analogous to injection of evidence of insurance into a personal injury case as is argued; any harmful effect, in our opinion, having been removed by the court's rulings and admonitory instructions. Furthermore any such ill effect or injury cannot be presumed, the jury verdict being less than amount sued for. Under present Rules of Civil Procedure, the doctrine of harmless error has been enlarged so as to cast upon complaining party the burden of showing at least that error probably resulted to his prejudice. See notes to Rule 434, Vernon's Ann.Civil Rules. Likewise we may presume that the jury omitted from their verdict the item of $29.85 admittedly chargeable to a third party.

All points of appeal, after full consideration, are overruled and the judgment of the trial court is affirmed.

CRAMER, J., not sitting.