**J & M CONSTRUCTION COMPANY, Appellant,**

**v.**

**G. A. WHITE, d/b/a White Electric Company, Appellee.**

**No. 16455.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 11, 1963.

Rehearing Denied Nov. 8, 1963.

Harris & Ball, and Chester G. Ball, Arlington, for appellant.

Mack & Mack, and Theodore Mack, Fort Worth, for appellee.

RENFRO, Justice.

The plaintiff G. A. White, d/b/a White Electric Company, recovered a judgment against defendant J & M Construction Company, a corporation, for $840 for materials and labor furnished in compliance with an electrical contract with defendant and an additional $300 attorney's fees, making a total recovery of $1,140.

The defendant appealed.

The plaintiff alleged that on or about the 8th day of July, 1961, plaintiff entered into a contract with defendant for the wiring and furnishing of certain material on a 61 unit apartment building in Arlington, Texas, for the sum of $24,718.50; that the plans called for installation of 24 volt thermostats which called for the use of #18 low voltage wire and did not require the use of conduit pipe and outlet box; that on August 1st it was discovered that the job required high-voltage thermostats requiring 220 volts of electrical current, and required the use of heavier wire, conduit pipe and outlet boxes; that Marvin Sprayberry, defendant's field engineer, agreed that the plans and specifications were defective and that he authorized plaintiff to install proper thermostats at an additional cost of $840; that all the work was completed in a satisfactory manner but defendant refused to pay him the $840.

The jury found that Sprayberry, superintendent for defendant, agreed with plaintiff that high-voltage thermostats should be substituted in lieu of low-voltage thermostats; that Sprayberry agreed that defendant would pay plaintiff an additional $5 per thermostat; that plaintiff installed 168 high-voltage thermostats. It was stipulated that $300 would be a reasonable attorney's fee if attorney's fees were recoverable.

Defendant's first four points of error are based on contentions there was no evidence that Sprayberry was authorized to make the contract regarding the high-voltage thermostats in behalf of defendant.

■ Viewed in the light most favorable to the jury's finding, and there is little conflict in the evidence, the testimony in summary shows: Plaintiff learned that defendant planned to construct a 61 unit apartment building. He went to the office of defendant where he met Sprayberry, who introduced himself as general superintendent of defendant Company. Plaintiff made known to Sprayberry his desire to bid on the subcontract electrical job. Later he called at defendant's office and received a set of plans from Sprayberry. Upon turning in his bid he was informed by Sprayberry that he would have to refigure the job because the owner had decided to make the building a "Gold Medallion" apartment, requiring considerably more electrical work. Plaintiff asked Sprayberry whether the bid should be on the basis of low-voltage or high-voltage thermostats. Sprayberry told plaintiff to figure his bid on the basis of low-voltage thermostats. His bid was submitted on the low-voltage basis. Later it was discovered that the heating unit required use of high-voltage thermostats. Plaintiff went immediately to defendant's office and told Sprayberry of defendant's mistake and informed him he would need $5 extra per thermostat. Sprayberry told plaintiff to install the high-voltage thermostats saying, "If we've got to have high voltage, we'll have high voltage. Go ahead and install them and I will see that you get paid."

It is undisputed that high-voltage thermostats were necessary.

Sprayberry was the only person connected with defendant who ever talked

with plaintiff. Sprayberry told plaintiff he was letting the contracts. Plaintiff dealt exclusively with Sprayberry. Sprayberry was general superintendent on the job and gave all orders for defendant, and approved plaintiff's draws (payments) as the work progressed. He paid plaintiff the draws.

None of the officers or employees of defendant other than Sprayberry testified at the trial. Sprayberry's testimony largely corroborated plaintiff's as to the error concerning the thermostats. He denied, however, that he had authority to bind defendant to pay for the high-voltage thermostats.

The evidence supports the answers to the issues submitted.

Defendant clothed Sprayberry with the indicia of authority which would lead a prudent person to believe that he had actual authority to bind the defendant for the payment of high-voltage thermostats. The evidence is sufficient to show that Sprayberry was the duly authorized agent for the defendant and acting within the scope of his actual and apparent authority in contracting with plaintiff to install the high-voltage thermostats. Pursuant to such authority he made the agreement with plaintiff. Under the record and circumstances of this case such agreement was binding on defendant.

■ Defendant argues that there was a fact question as to Sprayberry's authority which "wasn't requested or submitted to the jury"; hence the judgment cannot stand.

Neither party requested an issue as to Sprayberry's authority, and defendant did not object to the failure of the court to submit such issue.

Under such circumstances the trial court decided the issue in accordance with the evidence and in support of its judgment because the determination thereof by the jury had been waived. Rule 279, Texas Rules Civil Procedure; Blackburn v. Sand-

ers, Tex.Civ.App., 278 S.W.2d 924; Anderson Furniture Co. v. Roden, Tex.Civ.App., 255 S.W.2d 345; Rodriguez v. Higginbotham-Bailey-Logan Co., Tex.Civ.App., 172 S.W.2d 991; Chapman v. Ellis, Tex. Civ.App., 289 S.W. 189; Ferguson v. Lewis, Tex.Civ.App., 290 S.W. 858; Galveston-Houston Interurban Land Co. v. Dow, Tex.Civ.App., 193 S.W. 353; 2 Tex.Jur. 2d, p. 704, § 246. There was ample evidence to support the court's presumed finding that Sprayberry had authority to bind defendant by his agreement with plaintiff.

■ Defendant also contends plaintiff is precluded from recovery by reason of terms of the original written contract.

In the written contract it is provided in paragraph 2 that no substitution should be used unless approved by the engineer that supervised the job. It is undisputed that the substitution of the high-voltage thermostats for the low-voltage thermostats was approved by Sprayberry. Paragraph 6 of the original contract, somewhat confusing in context, provided that the $24,-718.50 should include all costs unless an extra had been added and approved by the field engineer for defendant "as to where J & M Construction Co. will be reimbursed for an extra cost."

Plaintiff did not incur extra cost because of his dealing with some third party, or through some error or overcharge on his own part, but incurred the extra cost because of the error of the defendant in first specifying low-voltage thermostats. It was an extra cost incurred by plaintiff on the promise of Sprayberry that it would be paid. If defendant was entitled to be reimbursed by someone for the extra, then it was defendant's duty, not plaintiff's, to see that it protected itself.

In our opinion Sprayberry had authority under paragraph 2 to bind defendant for the cost of the high-voltage thermostats.

■ Defendant, in a point of error, merely states: "The court erred in ren-

dering judgment for plaintiff's attorney's fees." In its argument defendant contends that in order to recover attorney's fees under Article 2226, Vernon's Tex.Ann. Civ.St., the plaintiff must make a demand upon the defendant to pay the account thirty days before suit is filed.

The language of Article 2226 as it now exists is plain and seems clearly to authorize the recovery of attorney's fees if a claim is not paid within thirty days of presentation, and this wholly without reference to whether or when suit is filed. "The language being plain and clear it ought to be given effect as written." Gateley v. Humphrey, 151 Tex. 588, 254 S.W.2d 98; Olan Mills, Inc. v. Prince, Tex.Civ. App., 336 S.W.2d 186; Justice Life Ins. Co. v. Orgain, Tex.Civ.App., 339 S.W.2d 230.

All points of error are overruled.

Affirmed.