Clinton E. SEAL et ux., Appellants,

v.

Ezzell ROGERS et al., Appellees.

No. 17065.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 5, 1969.

against the defendants, Clinton E. Seal and wife, Doris H. Seal, for the sum of $929.10 for costs of materials furnished to them in the form of carpets, pads and dressings and for labor in the installation thereof, and the sum of $400.00 in attorneys' fees. Ezzell Rogers filed suit against the same defendants to collect $2,284.88 on a cost plus ten percent profit contract (oral) for construction of their residence. The two causes were consolidated. A full trial on the merits of the two claims and defendants' cross-action was had before the court without a jury.

Judgment was rendered for Waggoner and Rogers in the specific amounts for which they sued plus interest from date of judgment. The sum of $303.34 held subject to distribution by the court was ordered paid to Waggoner to be applied on the $400.00 attorneys' fees. All costs were taxed against defendants.

We affirm.

◼ The appellants contend that it was error to award attorneys' fees to Waggoner since as a matter of law such are not allowable in a suit based upon quantum meruit. We overrule this contention. All of the requirements of Art. 2226, Vernon's Ann.Civ.St., were fully complied with. It was stipulated and agreed by all parties that the sum of $400.00 for attorneys' fees was reasonable. The award of attorneys' fees in a case of this nature is supported by many authorities. University State Bank v. Gifford-Hill Con. Corp., 431 S.W.2d 561 (Fort Worth, Tex.Civ.App., 1968, ref., n. r. e.); Boaz Well Service, Inc. v. Carter, 437 S.W.2d 38 (Fort Worth, Tex.Civ.App., 1969, no writ hist.); Page v. Superior Stone Products, Inc., 412 S.W.2d 660 (Austin, Tex.Civ.App., 1967, ref., n. r. e.); South Texas Building Co. v. Ideal Engineering, Inc., 402 S.W.2d 292 (Houston, Tex.Civ.App., 1966, ref., n. r. e.); H. B. Zachry Co. v. Ceco Steel Products Corp., 404 S.W.2d 113 (Eastland, Tex.Civ.App.,

L. Royce Coleman, Jr., Denton, for appellants.

Bush & Richardson, and Robert G. Bush, III, Sherman, for appellee, Ezzell Rogers.

Boyd Newman, Carrollton, for appellee, Frank Waggoner.

OPINION

LANGDON, Justice.

Frank Waggoner, d/b/a Waggoner Carpet and Linoleum Company, initiated suit

1966, ref., n. r. e.); Dueitt v. Barrow, 384 S.W.2d 214 (Corpus Christi, Tex.Civ.App., 1964, no writ hist.); Delhi Pipeline Corporation v. Lewis, Inc., 408 S.W.2d 295 (Corpus Christi, Tex.Civ.App., 1966, no writ hist.); J & M Construction Company v. White, 371 S.W.2d 780 (Fort Worth, Tex. Civ.App., 1963, ref., n. r. e.).

Since allowance of the attorneys' fees was proper it was not error for the court to order funds of the defendants on deposit, subject to disposition by the court, to be applied to the payment of such fee.

■ By another point it is urged that the court erred in holding that there was a preponderance of the evidence to support the pleadings of the plaintiff Rogers. It was stipulated between Rogers and appellants that the correct total amount of the cost of building the house including labor and materials was $22,848.00. (This sum did not include the costs of the carpets and labor for installation which Waggoner sued for.) The appellant, Clinton E. Seal, admitted that under the contract Rogers was to be paid ten per cent of such total cost for his profit. It was further urged in this connection that the court erred in holding that Rogers' ten per cent fee had not been paid. There is ample evidence in the record to support the court's finding in this respect. We overrule these points.

The plaintiff Rogers maintained a ledger book in which he recorded all expenditures made by him for material and labor costs and the dates such items were paid. This record is in evidence and reflects that the total cost of the building was $22,848.86. The court used this amount in ascertaining the ten per cent profit. Use of the latter figure rather than the stipulated sum is not complained of. The evidence further reflects that innumerable changes were made as the building of the residence progressed. These changes and the fact that such changes would increase the estimated cost of the residence were contemplated by the parties. All of such changes were authorized by one or both of the defendants. The estimate was prepared by Rogers as an aid to defendants in obtaining interim financing. The estimate was not signed by defendants. It was not intended as a contract price.

We find no error on the part of the court in its refusal to grant appellants' requests for (1) a directed verdict (no formal motion to this effect is contained in the transcript), or (2) the relief sought by them in their cross-action.

We have carefully reviewed the record in this case. In our opinion the judgment of the trial court is fully supported by the pleadings and the evidence.

The appellants' appeal is based upon nine points of error. Their brief, however, cites only two authorities. They relate solely to the point on attorneys' fees.

Each of the points which have been sufficient to direct our attention to the matter complained of has been considered by this court. We have passed upon both the sufficiency and the merits of such points in the light of the statement and argument thereunder as well as the record as a whole. We find no reversible error. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478 (Tex.Sup., 1943).

We have assumed that it was the intention of appellants to waive the points which were not briefed. See McClanahan v. Cook, 401 S.W.2d 352 (Amarillo, Tex. Civ.App., 1966, no writ hist.) for a discussion of Rule 418(c) and citation of numerous authorities on the question.

All points of error are overruled and the judgment of the trial court is in all things affirmed.

Affirmed.