**FLEETWOOD CONSTRUCTION COMPANY, INC., Appellant,**

v.

**WESTERN STEEL COMPANY, Appellee.**

No. 846.

Court of Civil Appeals of Texas, Corpus Christi.

May 16, 1974.

William C. Slusser, Houston, for appellant.

Wm. R. Anderson, Jr., Sorrell, Anderson, Sorrell & Atwill, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is a venue action under subdivision 5 of Article 1995, Vernon's Ann.Civ.St. Western Steel Company sued Fleetwood Construction Company, Inc. for breach of contract and damages. Fleetwood filed its plea of privilege to be sued in Harris County rather than Nueces County. The trial court entered its order overruling the defendant's plea of privilege.

Western Steel Company submitted a bid on June 29, 1971 for structural steel for the building of a high school for the Alief Independent School District in Harris County. Western's bid was accepted by the school district and Western was then designated a sub-contractor. At the school district's instruction, Western sent a communication to each of the bidding general contractors notifying them that Western had been designated as the steel supplier and informing them of the amount of Western's bid with the school district which was to be included in the bids of the general contractors. Western's bid to the school district required that payments were to be paid to Western in Nueces County, Texas. The prime contract was subsequently awarded by the school district to Fleetwood.

Fleetwood executed a purchase order on July 13, 1971 (#4040) and a second purchase order on July 19, 1971 (#4058). The purchase orders did not expressly name a particular county in which the obligation was to be performed. On the back

of these purchase orders was a notation which stated in part ". . . no modification hereof shall be affected unless in writing and signed by both parties". The prices varied slightly between the original bid of Western on June 29, 1971 and the purchase orders. These purchase orders were signed by both parties. After the job had commenced but prior to its completion, extra materials not specified in the original bid or purchase orders were needed by Fleetwood to complete the job. One of Fleetwood's superintendents, a Mr. Meacham, ordered the extras from Western. Western delivered the extra steel to Fleetwood's job site listing the extras in detail on the delivery invoices. These invoices were signed by S. N. Mussulman, another superintendent of Fleetwood's operations on the project. The invoice stated (at the top) "This ticket constitutes a contract of sale subject to conditions set forth on the reverse side of this sheet." Written in handwriting on the face of the invoice was the notation, "extra to contract". On the reverse side of the invoice there was a clause which stated in part ". . . payment for such merchandise is due on or before the 10th day of the month following delivery of the above described merchandise and is due and payable in Nueces County, Texas . . ." The terms of payment on this, as well as other purchase orders, were "30 days after delivery".

■ Where the venue of a cause of action is challenged by a party who has been sued in a county other than his residence, the filing of a plea of privilege places the burden on the plaintiff to plead and prove that the case is one of exception to the venue statute. No findings of fact or conclusion of law were requested by appellant Fleetwood or filed by the trial court. The judgment of the trial court implies all necessary fact findings in support of such judgment. In seeking to determine whether there is any evidence to support the implied findings of fact incident to the trial court's judgment, we must consider only that evidence most favorable to such

implied findings and to disregard entirely that which is opposed to it or that is contradictory in its nature. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1950) ; Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953) ; James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959) ; Oxford Development Co. v. Eppes, 422 S.W.2d 583 (Tex.Civ.App.—Corpus Christi 1967) ; Haas v. Earley, 443 S.W.2d 861, 869 (Tex.Civ.App.—Corpus Christi 1969).

The venue facts under Article 1995, Subdivision 5 require that: 1) the defendant must be a party reached by the statute; 2) that plaintiff's claim is based on a written obligation upon which he bases his recovery; 3) that the contract was entered into by the defendant or by one authorized to bind him, or was assumed or ratified by him; and 4) that the contract by its terms provides for the performance of the obligation sued upon in the county of the suit. See 1 McDonald Civil Practice, § 4.11.1. Since the trial court's order overruling the defendant's plea of privilege should be affirmed (in this case) on any basis in which there is evidence of probative force to support it, we examine the entire record in this light. Banks v. Collins (supra).

■ Venue may be established by a purchase order containing a proper venue clause when it is signed by a representative of the defendant or transmitted to the defendant at the time or prior to delivery of goods. The venue provision in the invoice is part of the contract if supplied before completion of the prime contract, and defendant accepts goods and fails to object to venue terms. Vinson v. Horton, 207 S.W. 2d 432 (Tex.Civ.App.—Texarkana 1947, no writ) ; Dowdell v. Ginsberg, 244 S.W.2d 265 (Tex.Civ.App.—Fort Worth 1951, no writ) ; Harrison v. Facade, Inc., 355 S.W. 2d 543 (Tex.Civ.App.—Dallas 1962, no writ) ; Hurlbut v. Lyons, 405 S.W.2d 398 (Tex.Civ.App.—El Paso 1966, writ dism'd). In Hurlbut, the court said ". . . Therefore, although the invoices were not signed, they were a part of the transaction, and when issued to and received and ac-

cepted by the appellant, became merged with the signed delivery tickets".

Mr. Meacham, a superintendent of Fleetwood's operations at the Alief High School project, ordered the extra roof opening frames from Mr. Kelly of Western Steel Company. This oral agreement was reduced to writing on the delivery invoices referred to above and was consummated by the signature of superintendent Mussulman, who was working at the job site. A superintendent as such, is an agent and is the type of person who may bind a corporate company in subsequent oral agreements. J & M Construction Company v. White, 371 S.W.2d 780 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n. r. e.). In Long Bell Lumber Co. v. Hampton, 20 S.W.2d 1081 (Tex.Civ.App.— Amarillo 1929, no writ), the court said:

"Where a corporation transacts its business under a general manager, the conduct of the business of the corporation by him binds the corporation, if performed within the scope of the corporation's business. 'As a corporation can only act through its agents, the general manager or general agent is virtually the corporation itself.' (citing authorities) This being true, and the evidence showing that the business was transacted by the general manager of the appellant corporation, his contract, made in the course of the business of the corporation, was the contract of the corporation just as much as though transacted under direct authority of the president and board of directors of the corporation."

The evidence was sufficient to support the conclusion that the superintendents were the authorized agents for Fleetwood with the apparent authority to make the oral contract and acknowledge the same binding the company. See Wilson's Pharmacy, Inc. v. Behrens Drug Company, 494 S.W. 2d 161 (Tex.Sup.1973); J & M Construction Company v. White, supra.

The delivery invoices containing the venue clause thus merged and became a part of the original transaction. The extra steel was delivered to the job site by Western and accepted by Fleetwood's agent on the signed memorandum which expressly named Nueces County as the place for payment. In our opinion, the invoice constitutes a part of the contract which Fleetwood assented to by its acceptance of the steel and by its subsequent silence. Fleetwood is, therefore, bound by the terms of the contract to pay for the steel in Nueces County, Texas. The trial court's findings as such has support in the evidence.

Fleetwood attacks the pleadings of Western Steel as being insufficient to establish venue in Nueces County. Fleetwood contends that Western's pleadings limits it to a recovery under a single purchase order (#4058) which does not state the requisite venue requirements for performance in Nueces County. He cites the following pertinent portions of appellee's pleadings to substantiate this position:

"On or about June 19, 1971, Western Steel Company and Fleetwood Construction Co., Inc. entered into a Purchase Order, said Purchase Order being No. 4058, whereby Western Steel Company was to furnish all structural steel and joists complete for the Alief Senior High School . . . . ."

However, in paragraph one of Western Steel's pleadings, Western stated in part:

" . . . This Court has jurisdiction of the subject matter of this suit in that the materials and labor furnished by Plaintiff to Defendant were made under a written agreement that payment for such labor and material was to be made to Plaintiff in Nueces County, Texas."

In Paragraph two Western stated again in part:

"Plaintiff, Western Steel Company, *has completed all of the work under said*

*contract, plus certain extra roof openings, roof opening frames and angles . . . .* " (emphasis supplied)

The defendant failed to object or except to any of Western's pleadings. It is said in 2 McDonald Civil Practice § 6.14.4 (1970) at p. 103:

"When rights are alleged to arise out of contract, express or implied, between plaintiff and defendant, the plaintiff must set forth circumstances to show a contractual obligation. *Absent a special exception, an allegation of the legal conclusion that the defendant contracted to do* or to refrain from doing a *given act would appear to meet the requirement in alleging a cause of action.* But such a statement usually would be met by a special exception demanding additional details to give fair notice. Against a special exception, plaintiff must state the circumstances 'upon which he relies with such certainty and accuracy as will identify the very transaction on which reliance is placed.' " (emphasis supplied)

 Western's pleadings allege in effect that the work was completed under a written purchase order which required Western to furnish all structural steel, etc., plus certain extra materials which were subsequently furnished. The petition states that the materials furnished were made under a written agreement and that payment for such work was to be made to Western in Nueces County, Texas. Pleadings are to be liberally construed as a whole. The pleadings as a whole, absent Fleetwood's exceptions, were sufficient to allege a contract in writing entered into by Fleetwood and payable in a particular county expressly naming such county. We, therefore, hold that the pleadings and proof were sufficient to establish the essential venue facts under Subdivision 5, Article 1995. See Wilson's Pharmacy v. Behrens Drug, supra.

Judgment of the trial court is affirmed.