NO. 12-00-00118-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


MARTINEZ BROOKS,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






 Martinez Brooks ("Appellant") appeals his conviction for attempted aggravated sexual
assault of a child. A jury found Appellant guilty and assessed his punishment at twenty years of
imprisonment and a $10,000.00 fine. He raises four issues on appeal complaining that the trial judge
improperly commented on the weight of the evidence and that the evidence was both legally and
factually insufficient to support the verdict of the jury. We affirm in part and reverse in part.


Background


 Appellant and the victim's mother had a relationship for several years, yet maintained
separate households. The victim and her brother often stayed at Appellant's house because he had
cable television. At the time of the alleged assault, the victim was fourteen years of age. On the
evening of the assault, the victim came into Appellant's bedroom to watch television after having
showered. She had on her night gown and was wearing panties and a bra underneath. Appellant
came into the room, and they started wrestling as was sometimes their custom. However, on this
occasion Appellant removed her underwear and replaced them with a pair of her mother's thong
panties. The victim felt something unfamiliar on her buttocks when he grabbed her from behind. 
He then got on top of her and tried to put her legs on his shoulders. He wanted to know if she was
as flexible as her mother. The child kicked her way free and ran into another room where her brother
was sleeping. Her mother was asleep at the other house.

 Appellant later asked her not to tell her mother. He told her that they both had made a
mistake and not to break up the family by telling what happened. He offered to buy clothes for her
silence. At school the next day, the victim told her boyfriend and other close friends what had
happened, but she did not tell her mother. After her mother had disciplined her for poor behavior
in school, the child wrote her a letter about what had happened with Appellant.


Issues


 Appellant raises four issues on appeal. He contends that the trial judge erred by allowing the
State to amend the indictment, by denying his special plea of double jeopardy, and by commenting
on the weight of the evidence. He also argues that the evidence is both legally and factually
insufficient to support the jury's verdict. 

Amendment of Indictment

 Before trial, the State moved to amend the indictment. The trial court allowed the
amendment over Appellant's objection. The original indictment charged that Appellant removed
the child's underwear and that such conduct amounted to more than mere preparation that tended but
failed to effect the commission of aggravated sexual assault. The amendment alleged that the child
was younger than fourteen years old and not the Appellant's spouse; that in addition to removing her
underwear, Appellant moved her body into a position to perform a sexual act; and that such conduct
amounted to more than mere preparation that tended but failed to effect the commission of the
offense.

 The record reflects that the indictment was amended to include the specific acts which
amounted to more than mere preparation. The State needed to prove such acts in order to make its
case against Appellant. The amendments were made more than ten days before trial. The code of
criminal procedure provides that the State may amend a matter of form or substance in an indictment
after notice to the defendant. Tex. Code Crim. Proc. Ann. art. 28.10(a) (Vernon 1985). The
elements of the offense may be amended to properly reflect the crime charged as long as the
amendment does not change the statutory offense for which Appellant was indicted. Flowers v.
State, 815 S.W.2d 724, 728 (Tex. Crim. App. 1991); see also Cuesta v. State, 763 S.W.2d 547, 550
(Tex. App.- Amarillo 1988, no pet.). In the instant case, the amendment does not change the offense
charged and does not prejudice the defendant in any way. The amended indictment actually
increased the State's burden of proof on the issue of how the crime was committed. We overrule
Appellant's first issue.

Double Jeopardy

 Appellant pleaded guilty to the misdemeanor assault charge of "offensive touching." The
State alleged that he touched the child's buttocks and such contact was offensive to her. See Tex.
Pen. Code Ann. § 22.01(3) (Vernon 1997). He was later indicted for the offense of attempted
aggravated sexual assault of a child. The indictment alleged that the child was younger than fourteen
years old and not Appellant's spouse and that Appellant removed her underwear and moved her
body into a position to perform a sexual act and that such conduct amounted to more than mere
preparation that tended but failed to effect the commission of the offense. See Tex. Pen. Code Ann.
§§ 15.01 and 22.021(a) (Vernon 1997). Appellant contends that since he was convicted of the
misdemeanor assault charge, his rights under the Double Jeopardy Cause of the Fifth Amendment
of the United States Constitution were violated by his indictment and conviction of attempted
aggravated sexual assault.

 The constitutional provision against double jeopardy protects a defendant against (1) a second
prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after
conviction, and (3) multiple punishments for the same offense. Illinois v. Vitale, 447 U.S. 410, 415
100 S. Ct. 2260, 65 L. Ed. 2d 228 (1980); Cervantes v. State, 815 S.W.2d 569, 572 (Tex. Crim.
App. 1991). The protection against double jeopardy is inapplicable when separate and distinct
offenses occur during the same transaction. Spradling v. State, 773 S.W.2d 553, 556 (Tex. Crim.
App. 1989). The legislature defines whether offenses are the same, and it does so by prescribing the
allowable unit of prosecution, which is "a distinguishable discrete act that is a separate violation of
the statute." Ex parte Hawkins, 6 S.W.3d 554, 556 (Tex. Crim. App. 1999). In Ex parte
Goodbread, 967 S.W.2d 859 (Tex. Crim. App. 1998) the court of criminal appeals stated: "For
Double Jeopardy purposes, 'the same offense means the identical criminal act. . . .'" Id. at 860
(citing Luna v. State, 493 S.W.2d 854 (Tex. Crim. App. 1973)).

 Here, although Appellant assaulted only one victim, he committed two separate and distinct
assaults. The first occurred when he touched the buttocks of the victim when he should have known
she would consider such contact offensive due to her age and their relationship. The second
occurred when he went further and the contact became sexual in nature. He tried to put her legs on
his shoulders while on top of her and asked if she was as flexible as her mother. The elements of
each offense are different. The misdemeanor offense required only that the contact be offensive to
the victim. See Tex. Pen. Code Ann. § 22.01(a)(3) (Vernon 1997). The attempted aggravated
sexual assault required an act sexual in nature which amounted to more than mere preparation
against a victim less than fourteen years of age and not the spouse of the actor. See Tex. Pen. Code
Ann. §§ 15.01 and 22.021(a) (Vernon 1997); see also Blockburger v. United States, 284 U.S. 299,
304, 52 S. Ct. 180, 182, 76 L. Ed. 306, 309 (1932). Appellant did not receive multiple punishments
for the same offense. Rather, he was given two punishments for two separate statutory offenses
which arose out of the same incident. We overrule Appellant's second issue.

Sufficiency of the Evidence

 Appellant complains that the evidence is legally and factually insufficient to support the
jury's verdict. Specifically regarding legal sufficiency, he complains that the State did not prove that
he had the requisite intent to commit aggravated sexual assault. On the issue of factual sufficiency,
although he does not dispute the evidence, he contends it does not establish that he engaged in an
attempt to sexually assault the victim. He contends that there are other interpretations, and the
evidence is against the overwhelming weight of the evidence and clearly wrong and unjust.

 (a) Legal Sufficiency

 Where a party seeks reversal of a conviction on grounds of both legal and factual
insufficiency, an appellate court must first determine whether the evidence adduced at trial was
legally sufficient to support the verdict. See Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App.
1996). Our determination of sufficiency of the evidence requires that we review all evidence, both
admissible and inadmissible. Gardner v. State, 699 S.W.2d 831, 835 (Tex. Crim. App. 1985). The
standard of review that a court must follow in making a determination of legal sufficiency requires
that it ask whether, after reviewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). While
conducting this review, a court does not reevaluate the weight and credibility of the evidence but
merely ensures that the jury reached a rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex.
Crim. App. 1993). 
 The indictment alleged that Appellant with the specific intent to commit aggravated sexual
assault of a child younger than fourteen years of age and not his spouse, did an act to wit: removed
her underwear and moved her body in a position to perform a sexual act, which amounted to more
than mere preparation that tended but failed to effect the commission of the offense intended. Tex.
Pen. Code Ann. §§ 15.01 and 22.021(a) (Vernon 1997). Appellant concedes that the State presented
evidence on all elements of the offense, but contends that he did not have and the State did not prove
the requisite intent to commit the sexual assault. 

 The victim testified that the incident began as a wrestling episode as she and Appellant had
done before. However, this time he removed her underwear and replaced them with some thong
panties of her mother. When he grabbed her from behind, she felt something unknown in the area
of her buttocks. Appellant then got on top of her and tried to put her legs on his shoulders to see if
she was as flexible as her mother. She was able to kick her way free from his grasp.

 A person acts intentionally, or with intent with respect to the nature of his conduct or to a
result of his conduct when it is his conscious objective or desire to engage in conduct or cause the
result. Tex. Pen. Code Ann. § 6.03(a) (Vernon 1994). Intent may be inferred from acts done, words
spoken, or both. Fewell v. State, 687 S.W.2d 807, 810 (Tex. App.- Houston [14th Dist.] 1985, no
pet.).

 The jury could have believed that Appellant was just playing and wrestling, but they chose
to believe that Appellant attempted to sexually assault the young victim. Viewed in a light most
favorable to the verdict, we hold the jury could have reasonably believed that Appellant intended to
have sexual contact with the victim. Therefore, we conclude the evidence is legally sufficient to
support the jury's finding.

 (b) Factual Sufficiency

 After a court of appeals has determined that the evidence is legally sufficient to support the
verdict, it may proceed to review an appellant's claim of factual sufficiency. Clewis, 922 S.W.2d at
133. The court of criminal appeals has held that the proper standard of review for factual sufficiency
of the evidence requires that the reviewing court set aside the verdict only when it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust. Id. at 129. 

 Appellant makes the same argument in regard to factual sufficiency as he did with legal
sufficiency. Having previously reviewed and discussed the evidence under the legal sufficiency
standard, we will not again recite the facts at this point. Appellant complains that the evidence
supporting his conviction is greatly outweighed by the possibility that he did not intend to assault
the victim. Specifically, Appellant argues that there is conflicting evidence and that the conflict
should be resolved in his favor. After reviewing all of the evidence, we conclude the evidence is not
so weak as to render the verdict clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 9-11
(Tex. Crim. App. 2000). Therefore, we conclude the evidence is factually sufficient to show
Appellant committed attempted aggravated sexual assault. Issue three is overruled.

Comment on the Weight of the Evidence

 After receiving the verdict of the jury in the guilt/innocence phase of the trial, the trial judge
stated "Ladies and gentlemen, the Court accepts your verdict, and I mean that in two different
categories. The Court either has to accept it or reject it, and I accept it. And, furthermore, I have no
argument with it, if that's any comfort to you." The trial judge then began discussing the fact that
a decision on punishment would be next, right after lunch. At the conclusion of the trial on
punishment, the jury assessed the maximum punishment, twenty years. Appellant contends that the
trial judge's statements went beyond simply accepting the jury's verdict and constituted an improper
comment on the weight of the evidence. The State's only reply is that Appellant preserved nothing
for appellate review since he made no objection to the comment. 

 The United States Constitution guarantees an accused a trial by an impartial judge. Tumey
v. Ohio, 272 U.S. 510, 532, 47 S. Ct. 437, 444, 71 L. Ed. 749 (1927); see Weiss v. United States,
510 S.W.2d 163, 178, 114 S. Ct. 752, 761, 127 L. Ed. 2d 1 (1994); In re Murchison, 349 U.S. 133,
136, 75 S. Ct. 623, 625, 99 L. Ed. 2d 942 (1955). To depart from this principle would be to violate
an accused's right to due process set forth in the Fifth and Fourteenth Amendments to the
Constitution. Id. A violation of a defendant's right to a trial before an impartial judge has been
ruled a "structural" error by the United States Supreme Court. Neder v. United States, 527 U.S. 1, 
8-9, 119 S. Ct. 1827, 1833, 144 L. Ed. 2d 35 (1999).

 More than one hundred years ago, the United States Supreme Court commented that "[i]t is
obvious that under any system of jury trials the influence of the trial judge on the jury is necessarily
and properly of great weight, and that his lightest word or intimation is received with deference, and
may prove controlling." Starr v. United States, 153 U.S. 614, 626, 14 S. Ct. 919, 923, 38 L. Ed. 841
(1894) (citing Hicks v. United States, 150 U.S. 442, 452, 14 S. Ct. 144, 147-48, 37 L. Ed. 1137
(1893)); see also Bollenbach v. United States, 326 U.S. 607, 612, 66 S. Ct. 402, 405, 90 L. Ed. 350
(1946); Anderson v. State, 83 Tex. Crim. 261, 202 S.W. 944, 946 (1918) ("The law contemplates
that the trial judge shall maintain an attitude of impartiality throughout the trial, and it has been often
held that his views or impressions of the weight of the evidence or upon the issues in the case may
be conveyed to the jury as effectively by other means as by charge of the court.") (emphasis ours);
Simmons v. State, 55 Tex. Crim. 441, 117 S.W. 141, 143 (1909) ("The trial judge is to the jury the
Lord's anointed. His language and his conduct have to them a special and peculiar weight.").

 More than eighty years ago, the Texas Court of Criminal Appeals stated that:


 [T]oo much caution cannot be exercised in the effort to avoid impressing the jury with the idea that
the court entertains any impressions of the case which he wishes them to know, and putting before
them matters which should not enter into or affect their deliberations . . . should in all cases be
avoided. To the jury the language and conduct of the trial court have a special and peculiar weight. 
The law contemplates that the trial judge shall maintain an attitude of impartiality throughout the trial. 
Jurors are prone to seize with alacrity upon any conduct or language of the trial judge which they may
interpret as shedding light upon his view of the weight of the evidence, or the merits of the issues
involved. The delicacy of the situation in which he is placed requires that he be alert in his
communications with the jury, not only to avoid impressing them with any view that he has, but to
avoid in his manner and speech things that they may so interpret.


Lagrone v. State, 84 Tex. Crim. 609, 209 S.W. 411, 415 (1919).

 In the instant case, the trial judge did not just accept the jury's verdict of guilty, but pointed
out that he had a choice of accepting it or rejecting it, and he accepted it. It was not necessary for
him to explain his options to the jury. That alone might pass muster, but he went further by stating
that he had no argument with their verdict, if that was of any comfort to them. While perhaps well
intended to comfort a jury after difficult deliberations, such comments could well leave the
impression with the jury that the trial judge was endorsing their decision. This unfortunately left the
realm of impartiality required of a trial judge and such comments were improper. Although it could
be argued that under a bifurcated trial system, an improper comment at the end of the guilt/innocence
phase could have no effect on the punishment phase of the trial, we conclude that proceedings at the
end of the guilt/innocence phase do not occur in a vacuum, especially when they involve comments
by the judge trying the case. Since a jury can be easily influenced by a judge's words or actions, we
cannot presume that there is a time or point in a trial when this is not true. Given the special and
peculiar weight jurors are prone to give comments by the trial judge, as well as the fact the jury
assessed the maximum punishment, we conclude that the improper comments tacitly endorsing the
jury's verdict of guilty tainted Appellant's right to a fair trial. See Starr, 153 U.S. at 626, 14 S. Ct.
at 923; Lagrone, 209 S.W. at 415; see also Weiss, 510 S.W.2d at 178, 114 S. Ct. at 761; Tumey, 272
U.S. at 532, 47 S. Ct. at 444. 

 The deprivation of a defendant's right to a trial before an impartial judge, such as we have
found here, is a "structural defect" in the trial mechanism itself. Arizona v. Fulminante, 499 U.S.
279, 309-10, 111 S. Ct. 1246, 1265, 113 L. Ed. 2d 302 (1991). Without the basic protection of an
impartial judge, "a criminal trial cannot reliably serve its function as a vehicle for determination of
guilt or innocence, and no criminal punishment can be regarded as fundamentally fair." Arizona v.
Fulminante, 499 U.S. at 310, 111 S. Ct. at 1265 (quoting Rose v. Clark, 478 U.S. 570, 577-78, 106
S. Ct. 3101, 3106, 92 L. Ed. 2d 460 (1986)) (emphasis ours); see also Neder , 527 U.S. at 8-9, 119
S. Ct. at 1833. We conclude that a defendant does not waive appellate review of a structural defect
of his right to an impartial judge by failing to object. See Blue v. State, 41 S.W.3d 129, 132-33 (Tex.
Crim. App. 2000) (Keasler, J., concurring); Marin v. State, 851 S.W.2d 275, 278 (Tex. Crim. App.
1993), overruled on other grounds, Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). 
Accordingly, we reject the State's contention that Appellant waived appellate review of the judge's
comments by failing to object.

 A structural error involving the denial of an accused's right to an impartial judge is not
subject to harmless-error analysis. Arizona v. Fulminante, 499 U.S. at 309-10, 111 S. Ct. at 1265. 
Thus, having found that the trial court's comments were error, we need not conduct a harm analysis. 
Accordingly, issue four is sustained. 

 In view of our holding, the judgment of the trial court is affirmed in part and reversed in
part. Since the fundamental error occurred between the guilt/innocence and punishment phase of
the trial, we reverse the portion of the trial court's judgment setting forth Appellant's punishment
and remand the case to the trial court for a new trial on punishment only. In all other respects, the
trial court's judgment is affirmed.


 LEONARD DAVIS 

 Chief Justice



Opinion delivered March 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.





























(DO NOT PUBLISH)