**MISSOURI–KANSAS–TEXAS RAILROAD COMPANY et al., Appellants,**

v.

**Ben M. WHITAKER, Appellee.**

No. 17364.

Court of Civil Appeals of Texas,
Fort Worth.

Dec. 22, 1972.

Rehearing Denied Jan. 19, 1973.

Fillmore, Parish, Martin, Kramer & Fillmore, and Elmer H. Parish, Wichita Falls, for appellants.

Fillmore, Lambert, Farabee & Purtle, and Clyde Fillmore, Wichita Falls, for appellee.

OPINION

MASSEY, Chief Justice.

Judgment was rendered for plaintiff landowner (lessee), in his suit against the defendant railroads, for damages resultant from a fire set by defendants which spread to and damaged a portion of his land.

Affirmed.

As the case is resolved before us it may be viewed as one wherein there remains no question but that the railroad companies are liable for compensatory damages in the

amount of $17.00 per acre for the number of acres of land sustaining injury by fire. The question to be determined is whether the evidence provides support for the finding that 2000 was the number of acres. We have concluded that it does provide support.

With a single exception, whenever a question was directed to a witness who was testifying concerning the number of acres which sustained injury, the reply was in each instance to the effect that such number was about 2000 acres, approximately 2000 acres, best estimate 2000 acres, etc.

The plaintiff in the case had given his deposition prior to trial to the attorney for the defendant railroad companies, who did not foresee that there would be any want of certainty in proof introduced in behalf of the plaintiff at time of the anticipated trial. During the course of taking such deposition testimony he asked the plaintiff how much of his land was damaged by fire, and the reply given was "about 2000 acres"; later on in the body of the deposition the plaintiff testified as follows:

"Q. Your best estimate is there were only 2000 acres in all, is it, Mr. Whitaker?

"A. Yes, sir."

As we view the state of the evidence in the case the above question and answer constituted the only testimony which could support a material finding upon which judgment was based: that 2000 acres of land was the quantity injured at the figure of $17.00 per acre value diminishment. It was introduced into evidence by the defendant railroad companies, as original evidence in rebuttal of that introduced by the plaintiff.

In testing the sufficiency of the foregoing question and answer to constitute evidence having probative force and effect we have resolved the phrase "only 2000 acres in all" against the contention of the defendant railroad companies. The author of the opinion was originally of the opin-

ion that the phrase placed a limitation at the top of the quantity of acreage, but no limitation on any quantity below 2000. Clearly it is an adverb which, in the sense used, had the same connotation as the adverb "merely". Recourse was had to Words and Phrases, various dictionaries, etc., in a fruitless search for authority which would support the original opinion. While, as applied to a quantity of anything it means so much and no more, without anything more, etc., we have concluded that it also means solely; alone; of or by itself; exclusive (from Black's Law Dictionary, Revised 4th Edition); and entirely; utterly; and wholly (from 67 C.J.S., p. 499 "Only").

In Restatement of the Law, Torts, Ch. 47, "Damages", Sec. 912, "Certainty", it is stated that "A person to whom another has tortiously caused harm is entitled to compensatory damages therefor if, but only if, he establishes by proof the extent of such harm and the amount of money representing adequate compensation with such certainty as the nature of the tort and the circumstances permit."

In 22 Am.Jur.2d p. 45, "Damages", Sec. 25 "(Degree of certainty required)—As to amount", it is stated that ". . . where, from the nature of the case, the extent of the injury and the amount of damage are not capable of exact and accurate proof . . . all that can be required is that the evidence—with such certainty as the nature of the particular case may permit—lay a foundation which will enable the trier of facts to make a fair and reasonable estimate of the amount of damage." The section makes reference to 78 A.L. R. 858, Annotation: "Distinction between uncertainty as to whether substantial damages resulted and uncertainty as to amount."

In 25 C.J.S. "Damages" § 28, p. 691 "(Compensatory Damages; Uncertain, speculative, and contingent consequences) —Uncertainty as to Measure or Extent", it is stated that ". . . where actual pe-

cuniary damages are sought, there must be evidence of their existence and extent, and some data from which they may be computed. No substantial recovery may be based on mere guesswork or inference, but recovery must be supported by evidence of facts, circumstances, and data justifying an inference that the damages awarded are a just and reasonable compensation for the injury suffered; and when compensatory damages are susceptible of proof with approximate accuracy and may be measured with some degree of certainty, they must be so proved even in actions of tort."

In Missouri-Kansas-Texas Railroad Company v. Gage, 438 S.W.2d 879, 884 (Fort Worth, Tex.Civ.App.1969, writ ref., n. r. e.) a witness on damages stated that the fire caused by the railroad had damaged " '400 acres, or plus.' " This testimony met the degree of certainty of evidence that the law would require for awarding damages to 400 acres, assurance being thereby provided that the defendant would not be required to pay for more damaged acres than the minimum of 400. The same would have been true had the witness testified that at least 400 acres had been injured, or had merely testified that in his opinion 400 acres was the number.

■ Certainly it would be true in the instant case that the monetary extent of plaintiff's compensatory damages were susceptible of proof with like degree of certainty, thus avoiding any probability or at least possibility that by a lesser requirement of plaintiff the railroad companies might be compelled to pay for damage to a greater number of acres than were actually injured. We have concluded that the plaintiff's deposition testimony that "only 2000 acres in all" relative to the quantity of grass acres injured should be held to have met the test of required certainty of proof as applied to damages. To hold otherwise would require that we add a new qualification to prior definitions of the word "only" when used as an adverb, i. e. to say that as a term applicable to quantity

it places no limitation inversely as upon a lesser quantity than the figure qualified by it.

In the railroad companies' brief, counsel has cited numerous authorities of various types in which, due to the nature of the case, the use of the terms "approximately", "about", "nearly", "almost", "in the neighborhood of", etc., in testimony of a witness has been deemed to have been evidentiarily insufficient for want of certainty and therefore requiring judgments to be set aside because of insufficiency in evidence. All are in accord with the statements upon the law to which we have referred in the Restatement, American Jurisprudence Second, and Corpus Juris Secundum. However, as already stated our holding is that the term "only" as qualifying an amount of quantity is evidentiarily sufficient.

■ Another point of error presented relates to complaint of evidence elicited from a defendant railroad company's claim agent concerning information allegedly obtained in the course of his investigation following the fire. On oral presentation counsel stated that he expected that the court would overrule his complaint under the "harmless error rule", Texas Rules of Civil Procedure 434, but he was arguing it anyway because of his strong feeling of impropriety when consideration is given to the philosophy of the law as exemplified by T.R.C.P. 186a, "Scope of Examination". Such Rule relates to discovery by deposition. We do overrule the point of error under the provisions of T.R.C.P. 434. Anyway the information concerned matter known to the railroad companies relative to its (or their) own activities, of which the agent had knowledge and under the law of agency was properly obliged to disclose. There was not error which would necessarily require a test as to reversibility by T.R.C.P. 434.

■ There is complaint because no special issue was submitted by which the jury found the number of acres involved.

There was no objection because it was not submitted, however, and the burden to lay a predicate for complaint on appeal was upon the defendant companies. The jury did find the amount by which each acre injured was diminshed in value. It is obvious that such answered issue together with question of number of acres involved jointly constituted the inquiry upon the ultimate issue of damage amount. We have held that the evidence supported the quantity of 2000 as the number of acres. The finding of such quantity was by the court, impliedly made, as authorized by T.R.C.P. 279, "Submission of Issues", in the second paragraph of that Rule. The point presenting the complaint is overruled.

All points of error have been severally considered and are overruled.

Judgment is affirmed.