Ira Ray ADAMI et al., d/b/a C & H Rental Service, Appellants,

v.

HIGHLANDS INSURANCE CO., Appellee.

No. 15328.

Court of Civil Appeals of Texas, San Antonio.

July 17, 1974.

E. G. Lloyd, Jr., Alice, for appellants.

Charles R. Nixon, Grose, Nixon & Erck, Alice, for appellee.

KLINGEMAN, Justice.

This suit was filed by Highlands Insurance Company against Ira Ray Adami et al., d/b/a C & H Rental Service, to recover the balance of premiums due on a workmen's compensation insurance policy following a retrospective rating adjustment. The jury found, in answer to the only special issue submitted, that the subject policy was in effect for the period from January 1, 1969, to January 1, 1970. Judgment was entered by the trial court in favor of plaintiff against defendant in the sum of $7,242. The parties will be herein referred to as plaintiff and defendant.

Defendant asserts four points of error: (1) Since plaintiff's recovery of premiums is based upon Retrospective Rating Plan B, plaintiff is not entitled to recover from defendant any sum because the Retrospective Endorsement Plan B was not signed by an authorized representative of defendant. (2) The burden of proof was upon plaintiff to establish that defendant owed plaintiff the sum of $7,242, and since it was disputed that defendant owed all or any part thereof, it was error for the court to render judgment without submitting to the jury the issue of what amount, if any, was owed by defendant. (3) The court erred in entering judgment for plaintiff in the absence of a jury finding as to whether or not a purported letter from defendant to plaintiff, making a selection of Retrospective Plan B, was genuine. (4) There is no finding by the jury, or basis for the court, to render judgment against defendant for the sum of $7,242.

■ Defendant did not request the submission of any issue or issues, did not object to the charge of the court as submitted, and did not object of the failure of the court to submit an issue. Where a question of fact was raised, but the issue was not submitted to the jury or requested, it will be presumed on appeal as having been found by the trial court in favor of the party recovering the judgment. Dee v. Parish, 160 Tex. 171, 327 S.W.2d 449 (1959); Rule 279, Texas Rules of Civil Procedure (1967); Missouri-Kansas-Texas Railroad Company v. Whitaker, 489 S.W. 2d 348 (Tex.Civ.App.—Fort Worth 1972, no writ).[1] Under Rule 279, T.R.C.P., omitted issues must be deemed as having been found in support of the judgment rendered by the trial court. Connell v. Rosales, 419 S.W.2d 673 (Tex.Civ.App.—Texarkana 1967, no writ); Skelly Oil Company v. Medical & Surgical Clinic, 418 S.W. 2d 574 (Tex.Civ.App.—Tyler 1967, no writ); J & M Construction Company v. White, 371 S.W.2d 780 (Tex.Civ.App.— Fort Worth 1963, writ ref'd n. r. e.).

■ Defendant's first point of error asserts that plaintiff is not entitled to any judgment because its recovery of premiums is based upon Retrospective Rating Plan B; that it appears from the record that Retrospective Endorsement Plan B was not signed by an authorized representative of defendant; and that such endorsement is void and of no effect. In support of such point of error, they assert that the State Board of Insurance must prescribe the proper insurance policy forms for each kind of insurance, and any policy that does not have the approval of the State Board is void and, likewise, any endorsement added to a standard form without the authorization of the State Board is also void. We do not regard this as an issue here. It appears from the record that both the insurance policy and the endorsement were on standard approved forms, and there is absolutely no evidence in the record that the insurance policy here involved and the endorsement here involved are not in the prescribed form of the State Board of Insurance. The thrust of defendant's complaint appears to be that the endorsement here involved was not signed by the defendant or by an authorized representative of defendant.

The policy involved in this suit was introduced into evidence as Plaintiff's Exhibit 1–A. It is entitled "Standard Workmen's Compensation and Employers' Liability Policy." It contains a number of endorsements. One of such endorsements is the Retrospective Premium Endorsement Plan B. This endorsement, as well as other endorsements, has a place or line for the signature marked "Authorized Representative." Neither the endorsement here involved or any other endorsements in such policy are signed by anyone, however, they are all attached to and contained within the policy itself; and the policy itself is signed by the president and secretary of the insurance company.

Plaintiff urges that the place provided for the signature is for the signature of the insurer's authorized representative and not the defendant; that such endorsements are not signed by the carrier's representative when such endorsement is included in the policy at the time it was issued; that it is undisputed that the endorsement was included in the policy when originally issued.

The only evidence in the record with regard to the signing of endorsements is the testimony of Mr. Jack Young, manager of the Retrospective Rating Department of plaintiff. He testified that where an endorsement is attached to and within the original policy, it is not customary to sign

---

1. Rule 279, T.R.C.P., provides in part: "Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; provided, however, that objection to such failure shall suffice in such respect. if the issue is one relied upon by the opposing party."

them. Defendant cites no authorities for his contention that an endorsement, in order to be effective, must be signed by the insured. It appears undisputed from the evidence that the endorsements, including the one here involved, were a part of the policy as issued; that defendant accepted such policy, paid premiums thereunder and accepted benefits thereunder, including the payment of extensive claims by the insurer to the employees of defendant.

Defendant's point of error number one is without merit and is overruled.

■ Defendant's second and fourth points of error will be discussed together. By such points, defendant urges that the trial court erred in rendering judgment without submitting to the jury the issue of what amount of money, if any, is owed by defendant to plaintiff; and that there is no finding by the jury or basis for the court to render judgment against defendant in the sum of $7,242.

Plaintiff urges that the formula for computing the premiums here involved was included in the policy itself as one of the endorsements; that such formula for computing such premiums is prescribed by the State Board of Insurance and is not subject to alterations or modifications; that it was merely a question of mathematical calculation to determine the amount of the premium.[2]

Jack Young, manager of the Retrospective Rating Department of plaintiff, testified in some detail how such premiums are computed. He testified that the basic form of workmen's compensation policy is prescribed by the State Insurance Board and must be issued on that particular form. He stated that the policy here involved was written under Retrospective Plan B; that the basic workmen's compensation plan may by election be placed under Retrospective Rating Plans under which, six months after a policy is terminated, the losses are

evaluated and percentages of premiums charged under a set formula; that by keeping losses low, an insured may get a return of premiums, but if his losses are high, he is penalized; that it is up to the individual insured to select which plan he is to be covered by, and that defendant selected Plan B; and that the policy here involved was written under Retrospective Plan B.

He further testified that the base premium for a policy is based upon the payroll of the employer; that each type employee has a code and that specific rates are set by the State for each code; that at the end of the policy period, a company auditor verifies the payroll and recomputes it for the entire year; that such an audit was made in this case; that the unit statistical report was filed with the State to verify that the correct rates are charged and that there was a State audit conducted in this case; that six months after the termination of coverage, the carrier goes through a formula which provides the retrospective premium and that this retrospective adjustment is also audited by the State Board of Insurance; and that the final adjustment in the matter here involved was approved by the State Board of Insurance; that in making a retrospective adjustment, the applicable figures are prescribed by the State Board of Insurance; that the person making the adjustment cannot deviate therefrom; that every retrospective plan is subject to audit and correction by the State.

He further testified that extensive benefits were paid under the policy here involved, which were in excess of $20,000. He testified that the correct amount of premiums due by defendant under the policy was $7,242, which sum had not been paid by defendant, and there is due and owing premiums in the amount of $7,242.

It is seen that the premiums are regulated and set by the State Insurance Board; that they cannot be varied or deviated

2. One of the endorsements contained in the policy introduced into evidence contains the formula for computing the premium for Retrospective Plan B.

from; that the insurance policy itself contains an endorsement setting forth the method of calculating such premiums; that the retrospective adjustment finally arrived at is audited by the State Board of Insurance; that the final adjustment in the case here involved was so audited.

In addition, there is extensive testimony in the record as to just how the premiums are computed and testimony that under the Retrospective Rating Plan here selected, there was due and owing on such policy, premiums in the amount of $7,242, which had not been paid.

Under the record, the trial court's implied finding that $7,242 was owed by defendant to plaintiff is amply supported by the evidence. Defendant's points of error number two and four are overruled.

Defendant's remaining point of error is that the trial court erred in entering judgment for plaintiff in the absence of a jury finding as to whether or not a purported letter of defendant to plaintiff, making a selection of Retrospective Rating Plan B, was genuine.

It should be noted that nowhere in these pleadings or in the testimony of Ira Ray Adami did he contend that he did not elect Retrospective Rating Plan B, nor is there any pleading that the purported letter was a forgery. Defendant made no objection to the introduction of such letter (Plaintiff's Exhibit 2). Adami testified that he never doubted that he had coverage under the policy and conceded that there were incurred losses in excess of $20,000; that he did not have to pay any of said sum because it was paid by plaintiff. He has accepted the benefits of the policy and has not, in any way, rejected it.

We have, heretofore, pointed out that defendant made no objection to the court's charge as submitted and did not request the submission of any issue or issues. Assuming, without deciding, that a question of fact was raised as to whether the letter was genuine, the issue was not submitted to the jury or requested, and it is now to be regarded as having been found by the trial court in favor of the winning party. Dee v. Parish, supra; Rule 279, T.R.C.P.

All of defendant's points of error have been considered and all are overruled. The judgment of the trial court is affirmed.