**Opinion filed March 6, 2025**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-19-00183-CV

_____

## APOLLO EXPLORATION, LLC; COGENT EXPLORATION, LTD., CO.; AND SELLMOCO, LLC, Appellants

## V.

## APACHE CORPORATION, Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CV50538**

## M E M O R A N D U M   O P I N I O N   O N   R E M A N D

This cause has been remanded to us to determine whether: (1) the trial court abused its discretion when it struck and excluded the *opinions* of Peter Huddleston, one of Appellants' designated experts, concerning the damages sought by Appellants in the underlying suit; (2) Appellants preserved this complaint for appellate review; and (3) the trial court erred when it granted Apache's no-evidence motion for partial summary judgment as to Appellants' claimed damages. *Apache Corp. v. Apollo Expl., LLC*, 670 S.W.3d 319, 322, 340 & n.32 (Tex. 2023). We affirm.

## I. *Background*

We outlined in detail the factual and procedural background of this case in our previous opinion, as did the supreme court in its opinion; therefore, we only recite and reiterate certain facts and procedural aspects of this case that are pertinent to the issues that we must address on remand.

Appellants and Gunn Oil Company (Gunn) owned 98% of the working interest in 109 oil and gas leases that covered over 120,000 acres of land in the Texas Panhandle. On March 22, 2011, Appellants and Gunn sold 75% of their combined working interests in the 109 leases to Apache. To consummate this transaction, Appellants and Gunn each executed a separate purchase and sale agreement (PSA) with Apache. Appellants subsequently sued Apache and alleged that Apache breached the PSAs; Appellants also asserted various tort claims and requested declaratory relief.

As the case progressed in the trial court, Apache filed motions to exclude Appellants' designated expert witnesses and several motions for partial summary judgment. Over time, the trial court granted Apache's motions to exclude—which necessarily included the exclusion of Huddleston's testimony and opinions as to Appellants' claimed damages—and motions for partial summary judgment. In light of the trial court's rulings, Apache ultimately filed a no-evidence motion for partial summary judgment challenging Appellants' asserted causes of action on the ground that Appellants could produce no evidence to support their claims for damages. The trial court granted Apache's no-evidence motion and thereafter signed a final judgment in which it incorporated its previous summary judgment rulings and expert exclusion orders in favor of Apache, ordered that Appellants take nothing against Apache, and awarded Apache $4,800,000 in attorneys' fees pursuant to the Uniform Declaratory Judgments Act.

On original submission, we affirmed the trial court's final judgment in part, and we reversed its judgment in part and remanded this cause to it for further proceedings. *Apollo Expl., LLC v. Apache Corp.*, 631 S.W.3d 502, 545 (Tex. App.—Eastland 2021), *aff'd in part, rev'd in part*, 670 S.W.3d 319 (Tex. 2023). After granting and disposing of Apache's petition for review, the supreme court remanded this cause to us to address the issues stated above. *Apache*, 670 S.W.3d at 322, 340–41.

## II. *Standards of Review*

### A. *Summary Judgment*

We review a trial court's order granting summary judgment de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021). When we review either a traditional or a no-evidence summary judgment, we consider the evidence in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in favor of the nonmovant. *Id.*; *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017). We credit evidence favorable to the nonmovant if reasonable jurors could do so, and we disregard contrary evidence unless reasonable jurors could not. *Samson Expl., LLC v. T.S. Reed Props., Inc.*, 521 S.W.3d 766, 774 (Tex. 2017); *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311–12 (Tex. 2014) (per curiam).

"To defeat a no-evidence motion for summary judgment, the nonmovant must produce at least a scintilla of evidence raising a genuine issue of material fact as to the challenged elements." *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019); *see also* TEX. R. CIV. P. 166a(i). Evidence is no more than a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion of a fact." *KMS Retail*, 593 S.W.3d at 181.

B. *Exclusion of Expert Opinions*

The trial court has broad discretion in determining the admissibility of expert testimony and opinions. *Enbridge Pipelines (E. Tex.) L.P. v. Avinger Timber, LLC*, 386 S.W.3d 256, 262 (Tex. 2012). The trial court abuses its discretion only if it acts without regard for guiding rules or principles. *Id.* As such, our review requires that we "must uphold the trial court's decision to exclude evidence if there is any legitimate basis for [its] ruling." *Id.* at 264 (alterations in original omitted) (quoting *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)).

Under Rule 702 of the Texas Rules of Evidence, a qualified expert may offer opinion testimony if that testimony is relevant *and* based on a reliable foundation. *Id.* at 262; *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also* TEX. R. EVID. 702. To be relevant, the expert's opinion(s) must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Exxon Pipeline Co. v. Zwahr*, 88 S.W.3d 623, 629 (Tex. 2002) (quoting *Robinson*, 923 S.W.2d at 556).

To determine whether an expert's opinions are reliable, we examine the principles, research, and methodology underlying the expert's conclusions. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 578 (Tex. 2006). In its determinations, the trial court's focus is whether the analysis that is used to formulate the expert's opinions is reliable. *Id.* When, as in this case, the expert opines as to the fair market value of property, the proper inquiry is whether the utilized appraisal method constitutes relevant and reliable evidence of market value. *See City of Harlingen v. Estate of Sharboneau*, 48 S.W.3d 177, 183 (Tex. 2001). "If an appraiser utilizes improper methodology or misapplies established rules and principles, the resulting testimony is unreliable and must be excluded." *Enbridge Pipelines*, 386 S.W.3d at 262.

### III. *Analysis*

The issues that we address on remand—which focus primarily on the effect of the trial court's exclusion of Huddleston's opinions to Appellants' claimed damages—are somewhat narrow in scope. We will discuss each issue in turn.

#### A. *Waiver of Complaint?*

At the outset, Apache contends on remand that Appellants failed to preserve for appellate review their complaint that the trial court erred when it excluded *all*, as opposed to *some*, of Huddleston's damages testimony and opinions. Apache argues that Appellants did not raise this specific argument until they filed their motion for rehearing after the supreme court issued its original opinion, therefore, Appellants waived this complaint. *See, e.g.*, *In re L.G.*, 596 S.W.3d 778, 779 n.1 (Tex. 2020). In response, Appellants contend that their complaint—that the trial court abused its discretion when it excluded *the opinions* of their experts—was properly preserved. Essentially, Appellants contend that they have repeatedly objected to and asserted numerous arguments, in the trial court below and during all phases of the appellate process, to the trial court's rulings to exclude *all* of Huddleston's opinions.

To preserve a complaint for appellate review, it must first be made to the trial court by a timely request, objection, or motion, and the complaining party must secure a ruling from the trial court on the party's request, objection, or motion. *See* TEX. R. APP. P. 33.1(a). The record shows that, in response to Apache's motions to exclude *all* of Huddleston's opinions, Appellants consistently advanced, objected, and argued in the trial court that Huddleston's *opinions* negated the relief that Apache requested in its motions. Indeed, the trial court was apprised, as the case developed, of Apache's contentions and Appellants complaints to the contrary, and Appellants complaints and objections were addressed by the trial court in its rulings. Moreover, on original submission, Appellants argued before us that the trial court abused its discretion when it excluded Huddleston's *opinions*. Therefore, we

conclude that Appellants have not waived this argument and that we may consider it on remand.

B. *Evidence of Appellants' Damages*

Apache contends that we must affirm the trial court's grant of Apache's no-evidence motion for partial summary judgment as to damages arguing that because the opinions and testimony offered by Huddleston was properly excluded by the trial court, as the supreme court has held, Appellants can produce no evidence of damages and its basis for recovery fails. Conversely, Appellants argue that, despite the correctness of the trial court's rulings to exclude Huddleston's opinions and testimony, the record on appeal nonetheless contains sufficient, independent evidence to defeat Apache's no-evidence motion.

In our original opinion, we summarized the evidence upon which Appellants relied in opposing Apache's no-evidence motion and in supporting their claims for damages, namely: (1) the reports, affidavits, and opinions of Appellants' designated experts, including Huddleston; (2) the reports, deposition testimony, and opinions of Apache's designated experts; (3) testimony from principals associated with the Appellant entities; and (4) voluminous documents produced to Appellants by Apache. *Apollo*, 631 S.W.3d at 543. Nothing has changed. Based on the above, Appellants contend on remand, as they did before, that this information constitutes more than a scintilla of evidence to survive the grant of Apache's no-evidence motion.

Therefore, in light of the supreme court's holdings in this case and the record before us, we must determine the following: (1) did Huddleston express admissible *opinions* that are independent of and unrelated to the North Block expiration date and the amount of the former Gunn interest, and, if so, do such *opinions* constitute sufficient evidence of damages, and, (2) did Appellants produce sufficient

evidence—more than a scintilla—of their claimed damages to defeat Apache's no-evidence motion.

### 1. *The Exclusion of Huddleston's Opinions*

In the trial court, Apache filed two motions to exclude Huddleston's testimony and opinions. The first motion challenged Huddleston's methodology and his reliance on the expiration date for the North Block. *Apache*, 670 S.W.3d at 340. The trial court granted this motion, in part, because it determined that Huddleston relied on the incorrect expiration date in formulating his opinions. *Id.* Apache's second motion, which the trial court granted in full, sought the complete exclusion of Huddleston's opinions and testimony because Appellants allegedly failed to timely supplement and "update" his opinions regarding the expiration date for the North Block and the accounting for the former Gunn interest. *Id.* The supreme court concluded that the trial court did not abuse its discretion when it granted Apache's motions to exclude. *Id.* However, the supreme court also held that the "basis for reversing the [no-evidence summary judgment] order was improper because of [its] holding that at least *part of Huddleston's testimony were properly excluded*." *Id.* (emphasis added).

Huddleston formulated opinions concerning the number of acres covered by each expired lease, the projected fair market value of the acreage for the years 2011 through 2015, and the acreage covered by the leases that Apache lost without offering them to Appellants. Appellants contend that these opinions were independent of both the date the North Block expired and the amount of the former Gunn interest. Citing to *Missouri-Kansas-Texas Railroad Co. v. Whitaker*, 489 S.W.2d 348, 349–50 (Tex. App.—Fort Worth 1972, no writ), Appellants argue that (1) the evidence that they presented concerning the number of acres at issue and the per-acre value, and (2) Huddleston's *opinions* constitute more than a scintilla of evidence of the amount of their claimed damages, and is thus sufficient to defeat

Apache's no-evidence motion. To the contrary, Apache argues that the damages opinions and calculations expressed by Huddleston did not exclude the former Gunn interest as, according to the supreme court, it should have, *see Apache*, 670 S.W.3d at 340; therefore, his opinions and calculations are tainted and constitute no evidence of damages. Moreover, Apache contends that Huddleston conceded that his opinions and calculations did *not* exclude and were *not* independent of the former Gunn interest.

Apache further argues that Huddleston's only relevant opinion on damages is stated in paragraph thirteen of his report, an opinion that was disclosed by Appellants to Apache only two weeks before the commencement of trial. The trial court excluded this opinion because, despite the trial court's orders that directed Appellants to update or revise Huddleston's damage calculations, Appellants failed to do so. Thus, the trial court's ruling necessarily prohibited Huddleston from expressing any admissible opinion as to damages.

The rules of discovery and disclosure exist to prevent trial by ambush, and compliance with these rules is necessary and vital to ensuring the fair administration of justice. A party's duty to supplement a discovery request regarding a testifying expert is governed by Rule 193.5 of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 195.6. The rules of discovery and disclosure dictate that a party who fails to timely amend or supplement a discovery response that pertains to a testifying expert's opinion(s) may not offer the expert's opinion(s) or testimony at trial unless the trial court finds that (1) good cause existed for the failure to timely provide the requested information or (2) the failure to provide the requested information would not unfairly surprise or prejudice the other party. TEX. R. CIV. P. 193.6(a); *see also Fort Brown Villas III Condo Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 881 (Tex. 2009). These disclosure obligations and exclusionary provisions apply equally to trial *and summary judgment proceedings*. *Gillenwater*, 285 S.W.3d at 881–83; *see*

8

*also F.W. Indus., Inc. v. McKeehan*, 198 S.W.3d 217, 220–21 (Tex. App.—Eastland 2005, no pet.) (citing *Ersek v. Davis & Davis, P.C.*, 69 S.W.3d 268, 273–74 (Tex. App.—Austin 2022, pet. denied)). Consequently, the exclusion of Huddleston's opinions was automatic absent a showing by Appellants, and a finding by the trial court, of good cause, no unfair surprise, or no unfair prejudice. *See* Tex. R. Civ. P. 193.6(a), (b).

Here, despite the trial court's invitation and the opportunity to comply with its orders, Appellants did not produce any supplemental or revised opinions, calculations, or damage models from Huddleston that excluded the former Gunn interest. Instead, Appellants chose to stand on Huddleston's original damages opinions and calculations that erroneously relied on and *included* the former Gunn interest. As such, no opinion could have been offered by Huddleston at trial to establish Appellants' claimed damages because Huddleston's damage model incorrectly included and presumed damages for the former Gunn interest. Moreover, Appellants could not rely on Huddleston's "background workpaper" information that was not identified or timely presented to the trial court to support his damage calculations. *See Jatex Oil & Gas Expl. L.P. v. Nadel & Gussman Permian, L.L.C.*, 629 S.W.3d 397, 413–14 (Tex. App.—Eastland 2020, no pet.).

Accordingly, upon reconsideration, and in light of the supreme court's determinations in this case, we conclude that the trial did not abuse its discretion when it excluded Huddleston's damages opinions and calculations *in toto*.

2. *Reliance on Apache's Designated Experts and Disclosed Documents*

In addition to Huddleston's opinions and calculations, to challenge the basis of Apache's no-evidence motion, Appellants also relied on and submitted with their response (1) the per-acre value damages opinions of Apache's designated experts—the firm of FTI Platt Sparks, Terry Payne, and Barry Pulliam—that concerned the same working interest, and (2) Apache internal and investor presentations and

documents that, according to Appellants, demonstrated substantial per-acre values. Appellants contend that the above constitutes more than a scintilla of evidence of their claimed damages and is sufficient to defeat Apache's no-evidence motion.

Appellants argue that the reports, deposition testimony, and documentary evidence from FTI Platt Sparks and Payne indicate that most of the leases in dispute had expired. The FTI Platt Sparks report summarized the total acreage lost each year and their opinions of the annual per-acre value. Pulliam testified and assessed a per-acre value for the working interest, and Apache's internal documents and investor presentations—some of which are referred to and included in the parties' expert reports—in the view of Appellants demonstrate substantial per-acre values. Although the values expressed by FTI Platt Sparks, Payne, and Pulliam may differ from the excluded valuations that Huddleston formulated, Appellants argue that they nonetheless indicate that a measurable value exists.

Appellants and Apache have engaged in a protracted diatribe as to whether Rule 801(e)(2) of the Texas Rules of Evidence supports Appellants' argument and reliance on certain Apache documents that purportedly include admissions and other statements made by Apache representatives. *See* TEX. R. EVID. 801(e)(2). Generally, and in appropriate circumstances, a party may rely on the statements expressed by another party when seeking relief. *See Reid Road Mun. Util. Dist. No. 2 v. Speedy Stop Food Stores, Ltd.*, 337 S.W.3d 846, 856–58 (Tex. 2011); *see also HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 12 F.4th 476, 489 (5th Cir. 2021) (citing *Collins v. Wayne Corp.*, 621 F.2d 777, 781–82 (5th Cir. 1980)). However, whether statements and conclusions made by an expert who is retained and designated by a party are admissible against that party depends on the circumstances presented. *Reid Road*, 337 S.W.3d at 857; *see also McCluskey v. Randall's Food Mkts., Inc.*, No. 14-03-01087-CV, 2004 WL 2340278, at *3 (Tex. App.—Houston [14th Dist.] Oct. 19, 2004, pet. denied) (mem. op.) ("[T]o hold that

all statements made by an expert witness are admissions of the party who called the expert is to misconstrue the rules of evidence, the law of agency, and the purpose behind calling expert witnesses."). Nevertheless, as in *Reid Road*, we need not decide whether Rule 801(e)(2) applies in this instance because our resolution of this question would be of no consequence for the reasons explained below.

It is undisputed that Appellants neither cross-designated Apache's retained experts nor did they disclose their intention to rely on these experts, or the materials and documents upon which these experts relied to calculate value, as a basis to calculate Appellants' claimed damages. The rules of discovery and disclosure are clear: Appellants were required to designate and disclose *any* expert witness upon which they intended to rely to support their claims for damages. *See* TEX. R. CIV. P. 194.3, 195.2, 195.5. Further, to rely on and establish some evidence of the amount of their claimed damages, Appellants were obligated to designate and disclose "the *amount* and any *method* of calculating [their] economic damages," which would have necessarily included their intended reliance on (1) the documents and materials that supported the calculations made by Apache's designated experts and (2) Apache's internal and investor presentations. TEX. R. CIV. P. 194.2(b)(4) (emphasis added); *see id.* R. 193.5, 193.6(a). Appellants did neither.

Similar to the Huddleston disclosure dilemma, because Appellants failed to comply with the well-established designation and disclosure requirements, and absent a showing by them to prove either the good cause or the lack of unfair surprise or unfair prejudice exceptions to the rules of disclosure—none of which are not present here—they may not rely on the calculations and opinions of Apache's designated experts and Apache's internal and investor presentations to defeat Apache's no-evidence motion and support their claims for damages. *See* TEX. R. CIV. P. 193.6(a), (b); *Gillenwater*, 285 S.W.3d at 881–82; *McKeehan*, 198 S.W.3d at 220–21. As the supreme court stated in *Reid Road*: "[Any] witness who will be

11

giving opinion evidence about a property's fair market value *must be disclosed and designated as an expert* pursuant to discovery and other applicable rules." 337 S.W.3d at 851–52 (emphasis added). Such is the case before us.

Apache further argues, and we agree, that the rules of designation and disclosure do not excuse Appellants from compliance—namely, cross-designating Apache's retained experts as sources upon which Appellants intended to rely—simply because Apache previously designated its experts in a timely manner. *See* TEX. R. CIV. P. 195.2, 195.5; *see also, e.g.*, *Aluminum Co. of Am. v. Bullock*, 870 S.W.2d 2, 3–4 (Tex. 1994) (holding that an opponent's prior designation of an expert did not excuse the other party from complying with the designation requirements); *Crawford v. Hope*, 898 S.W.2d 937, 944 (Tex. App.—Amarillo 1995, writ denied) (affirming the trial court's refusal to allow the plaintiffs to present an expert at trial that was only designated by the defendant).

Accordingly, we conclude that the trial court did not abuse its discretion when it determined that Appellants could not rely on the above as a basis to challenge Apache's no-evidence motion.

### 3. *Can Apache's Experts Provide Evidence of Appellants' Damages?*

In the alternative, Apache contends that even if Appellants were able to rely on Apache's experts and their calculations and opinions to support the damages claimed, this provided no evidence of Appellants' damages. We agree. The FTI Platt Sparks report and Payne's testimony, upon which Appellants had intended to rely, provide only a potential "upper limit" estimate of the relevant fair market value that would, based on several factors, be subject to certain adjustments. Because Appellants' experts, including Huddleston, who could purportedly calculate these adjustments, were excluded, and because expert testimony would be required to assist the factfinder in analyzing and applying these factors, Appellants are without a source in which to calculate their damages based on actual market value. *See Jatex*,

629 S.W.3d at 407–08. Further, Pulliam's report focuses on a valuation date that is not at issue here and thus provides no evidence of fair market value for the relevant dates or Appellants' claimed damages.

### 4. *Apache's Documents are No Evidence of Damages*

Appellants attempt to rely on Apache's internal and investor presentations to support their claims for damages. However, and contrary to Appellants' assertion, these documents provide no evidence of Appellants' damages because (1) they do not purport to calculate the relevant fair market value and (2) the technical data included within these documents cannot be interpreted by a layperson to calculate damages without the assistance of qualified experts. *See Jatex*, 629 S.W.3d at 407–08. To do so, the necessary methodology and basis to support an expert's opinion in this field must be presented. *Id.* Because Appellants' experts were properly excluded, as the supreme court has held, no other properly designated experts are available to Appellants to provide the necessary testimony and opinions to assist the factfinder with the fair market value determination. *Id.* Thus, these documents alone, even if they had been properly designated by Appellants, provide no evidence of Appellants' damages.

### 5. *Other Evidence of Appellants' Damages*

Appellants contend that they must only show "Proof of the Existence of Legal Damages" to defeat Apache's no-evidence motion. However, to survive a no-evidence motion for summary judgment that challenges the plaintiffs' claimed damages, the plaintiffs must do more than establish the existence of an alleged legal injury. Rather, they must present proof of the existence and the *amount* of their alleged damages with reasonable certainty, and provide competent, probative evidence to support their calculations so that the *amount* of the claimed damages can be ascertained. *James L. Gang & Assocs., Inc. v. Abbott Labs., Inc.*, 198 S.W.3d 434, 438–39 (Tex. App.—Dallas 2006, no pet.); *El Dorado Motors,*

*Inc. v. Koch*, 168 S.W.3d 360, 366–68 (Tex. App.—Dallas 2005, no pet.). Providing only some evidence of "the existence of legal damages" is insufficient to satisfy the requisite evidentiary burden because the plaintiffs must also produce some evidence of the *amount* of their damages.

Here, the evidence that Appellants primarily relied on to prove the *amount* of their claimed damages—the testimony and opinions of their designated experts—has been excluded. In that regard, Apache asserts that the evidence, if any, that remains shows only "the existence of [a] legal injury." Appellants aver that they submitted proof of the number of acres in dispute and the per-acre value and that such proof is sufficient evidence of the *amount* of their claimed damages. *See Whitaker*, 489 S.W.2d at 349–50. However, such evidence, for the reasons we have previously discussed, cannot serve as a basis to defeat Apache's no-evidence motion.

Finally, in challenging Apache's no-evidence motion, Appellants also relied on testimony from sources independent of Huddleston and that were not excluded—namely, principals who are associated with the Appellant entities (Greg Sellmyer, Chris Bright, and Greg Wilson) which, according to Appellants, indicates that Apache, among other things, purportedly failed to offer Appellants its interest in the leases that were either lost or released. This evidence, Appellants contend, constitutes more than a scintilla of evidence of their claimed damages and is sufficient to defeat Apache's no-evidence motion.

Generally, a property owner may testify and state an opinion as to the value of his property, even if he is not a qualified expert in the field and would not otherwise be qualified to testify to the value of another person's property. *Reid Road*, 337 S.W.3d at 852–53 (citing *Porras v. Craig*, 675 S.W.2d 503, 504 (Tex. 1984)). This principle is known as the "Property Owner Rule." *Id.* Nevertheless, this rule is not without limitations. The rule's application is limited to principals or officers of an entity who are in a managerial capacity, entrusted with responsibilities

14

that are related to the property in dispute, and are familiar with the property and its fair market value. *Reid Road*, 337 S.W.3d at 849, 854.

Despite Appellants' contention, the proffered testimony from Sellmyer, Bright, and Wilson does not constitute some evidence of the *amount* of Appellants claimed damages. The "Property Owner Rule" presumes that a property owner is familiar with his property and its value. *Jatex*, 629 S.W.3d at 406 (citing *Reid Road*, 337 S.W.3d at 853). However, this rule provides an exception to the requirement that a witness must establish his qualifications to express an opinion about the value of land. *Id.* (citing *Nat. Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 157 (Tex. 2012)). Although a property owner's testimony under this rule satisfies the same role as that of a qualified expert, a property owner's valuation testimony must nevertheless meet the same requirements as any other proffered opinion testimony. *Justiss*, 397 S.W.3d at 155–57; *Jatex*, 629 S.W.3d at 407. As such, because a property owner's opinion testimony is the functional equivalent of expert testimony, it must be evaluated under the same "expert" standards. *Jatex*, 629 S.W.3d at 407.

It is no secret that determining the valuation of mineral interests is not a matter of common knowledge. *Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 388 (Tex. 2008); *Jatex*, 629 S.W.3d at 407. Estimating damages of this nature is a highly technical endeavor, and a party who seeks damages based on the value of mineral interests must prove its entitlement to damages with testimony from a qualified expert. *Jatex*, 629 S.W.3d at 407. In that regard, we have held that the "Property Owner Rule" does not extend or apply to areas that are of a technical or specialized nature. *Id.*; *Wortham Bros., Inc. v. Haffner*, 347 S.W.3d 356, 361 (Tex. App.—Eastland 2011, no pet.). The matter before us is just that. Therefore, because the valuation of mineral interests involves technical and specialized expertise that requires opinions that are reliable and supported by sufficient data and explanation, and because Sellmyer, Bright, and Wilson do not possess the necessary expertise to

opine as to such valuation, their testimony cannot support the damages that Appellants claim in this case. *See Jatex*, 629 S.W.3d at 407–08.

Accordingly, because Appellants can provide no evidence of the *amount* of their claimed damages, we conclude that the trial court did not err when it granted Apache's no-evidence motion for partial summary judgment as to damages.

## IV. *This Court's Ruling*

For the reasons stated, we affirm the judgment and orders of the trial court.

W. STACY TROTTER

JUSTICE

March 6, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[1]

Williams, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.